# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DAVID DONALD TURNER, Defendant. | No. CR05-1026-LRR<br><br>**REPORT AND RECOMMENDATION ON MOTION TO SEVER** |

_____

This matter comes before the court pursuant to the defendant's January 31, 2006, motion to sever (Doc. No. 38). The motion is resisted by the plaintiff (the "Government"). (Doc. No. 39) This matter has been referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation. The court held an evidentiary hearing on the motion on February 17, 2006, at which the defendant David Donald Turner was present and represented by attorney Al Willett. The Government was represented by Assistant United States Attorney Daniel C. Tvedt.

### Motion to Sever

On September 7, 2005, Turner was charged in a single-count Indictment with manufacturing methamphetamine. On November 16, 2005, the grand jury handed down a Superseding Indictment containing the following two counts:

#### Count 1

> On or about July 23, 2005, in the Northern District of Iowa, the defendant, DAVID DONALD TURNER, did knowingly and unlawfully attempt to manufacture 50 grams or more of actual (pure) methamphetamine, a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

This in violation of Title 21, United States Code, Section 846.

## Count 2

On or about March 8, 2005, in the Northern District of Iowa, DAVID DONALD TURNER, while under oath as a witness in a case then being tried before the United States District Court for the Northern District of Iowa entitled, *United States v. Rex Bernard Bretibach,* CR04-1005, knowingly did make a false material declaration, that is:

1. At the time and place aforesaid, the Court and Jury were engaged in the trial of the aforementioned case wherein Rex Bernard Breitbach, the defendant therein, was charged with manufacture and attempt to manufacture methamphetamine, possession of pseudoephedrine having reasonable cause to believe it would be used to manufacture methamphetamine, and being a drug user in possession of a firearm. It was matter material to said trial to determine whether or not Rex Bernard Breitbach manufactured methamphetamine or was a drug user in possession of firearms.

2. At the time and place alleged, DAVID DONALD TURNER, while under oath, did knowingly declare before said Court and Jury with respect to the aforesaid material matter, as follows:

Q: Did you ever have any kind of drug dealing with Rex?

A: No.

Q: To your knowledge, was any manufacturing of methamphetamine going on at the premises of 427 Rhomberg?

A: I had no idea.

> Q: Did you ever assist Rex or did you ever have any involvement with him in manufacturing methamphetamine?
>
> A: No.
>
> * * *
>
> Q: Did you know that Rex was a drug user during that springtime of 2004?
>
> A: I had no idea.
>
> * * *
>
> Q: Just so I understand, you've never seen Rex use drugs?
>
> A: No.
>
> 3. The aforesaid underscored testimony of DAVID DONALD TURNER, as he then and there knew well and believed, was false in that, DAVID DONALD TURNER knew Breitbach manufactured methamphetamine, assisted Breitbach manufacture methamphetamine, observed Breitbach manufacture methamphetamine, and knew Breitbach used drugs.
>
> This in violation of Title 18, United States Code, section 1623.

Superseding Indictment (Doc. No. 22). Count 1 of the Superseding Indictment is substantially identical to the single count in the original Indictment.[1]

Turner contends the two counts should be severed pursuant to Federal Rule of Criminal Procedure 8(a) because they are not of the same or similar character, based on the same act or transaction, or part of a common scheme or plan, and he would suffer unfair prejudice if the two counts are not severed. According to Turner, there is no

---

[1] The original Indictment alleged Turner "did knowingly and unlawfully manufacture and attempt to manufacture" methamphetamine (Doc. No. 1), while the Superseding Indictment alleges Turner "did knowingly and unlawfully attempt to manufacture" methamphetamine (Doc. No. 22). The court finds the difference in the two indictments is not significant for purposes of Turner's motion to sever.

evidence in the Government's discovery file showing that Rex Breitbach had any role in Turner's alleged attempt to manufacture methamphetamine on July 23, 2005, as charged in Count 1 of the Superseding Indictment. Alternatively, Turner argues severance is warranted under Federal Rule of Criminal Procedure 14(a), claiming he will be unduly prejudiced when he invokes his Fifth Amendment right against self-incrimination at trial. He asserts there will be a prejudicial effect on his defense to Count 1 when the jury learns he also is charged with perjury in Count 2.

The Government resists Turner's motion, arguing the two offenses are properly joined under Rule 8(a) because the offenses are similar in character in that both concern Turner's knowledge of or participation in the manufacture of methamphetamine. Further, the Government claims both offenses occurred within a relatively short period of time, and the evidence on the two charges overlaps; *i.e.*, the evidence on the manufacturing charge is Rule 404(b) evidence on the perjury charge. With respect to Turner's Rule 14(a) argument, the Government contends Turner cannot establish the requisite prejudice from these two charges being tried jointly, especially considering the fact that Turner has indicated he will not testify in his own behalf as to either count.

Federal Rule of Criminal Procedure 8(a) provides:

> The indictment or information may charge a defendant with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Two offenses may be charged and tried together if they are of the 'same or similar character' Fed. R. Crim. P. 8(a), and [w]here the offenses are similar in character and occurred over a relatively short period of time and the evidence overlaps." *United States v. Tyndall*, 263 F.3d 848, 849 (8th Cir. 2001).

Federal Rule of Criminal Procedure 14(a) provides, in pertinent part:

> If the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trial of counts . . . or provide any other relief that justice requires.

Under Rule 14(a), the court may sever properly joined offenses if it appears the defendant will be prejudiced by their joinder. *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996). "Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately." *Id.* (citing *Closs v. Leapley*, 18 F.3d 574, 578 (8th Cir. 1994)). However, a defendant does not suffer undue prejudice if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime. *Id.* (citing *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994)).

The court is not persuaded that the March 8, 2005, perjury charge (Count 2) is of the "same or similar character" as the July 23, 2005, attempt to manufacture charge (Count 1). Not only are the two offenses separated in time, but Turner's allegedly false statements, while relating to the manufacture of methamphetamine, do not relate to the discrete incident of Turner's alleged attempt to manufacture methamphetamine on July 23, 2005. For these same reasons, the court does not find the two counts to be "connected with or constitut[ing] parts of a common scheme or plan."[2] Turner's allegedly false statements concern his knowledge (or lack thereof) of Rex Breitbach's drug use and/or manufacturing, and whether Turner ever was involved with Breitbach in manufacturing methamphetamine. Breitbach was in custody on July 23, 2005, when the events took place giving rise to Count 1. Therefore, the court finds the two counts were not properly joined under Rule 8(a).

---

[2] The Government conceded at the hearing that the two counts were not "based on the same act or transaction" for purposes of Rule 8(a).

5

Even if the counts were properly joined, the undersigned, in the exercise of the court's discretion under Rule 14(a), would order separate trials for Counts 1 and 2. Turner has expressed his intention to exercise his Fifth Amendment right against self-incrimination with respect to both counts. If the jury were to hear evidence of Turner's allegedly perjured testimony as part of the Government's proof on Count 2, there is a substantial likelihood the jury erroneously would infer Turner's guilt on Count 1 from this evidence instead of considering only the evidence relating to Count 1. To ensure that Turner receives a fair trial on both counts, severance is necessary.

For the reasons set forth above, **IT IS RESPECTFULLY RECOMMENDED** that Turner's motion to sever Counts 1 and 2 for trial be **granted**.

Any party who objects to this report and recommendation must serve and file specific, written objections by **5:00 p.m. on Tuesday, February 21, 2006**. Any responses to objections must be served and filed by **5:00 p.m. on Wednesday, February 22, 2006.**

**IT IS SO ORDERED.**

**DATED** this 17th day of February, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT