## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 05-CR-1026-LRR |
| vs. | ‖ | |
| DAVID DONALD TURNER, | ‖ | **ORDER** |
| Defendant. | ‖ | |

_____

### TABLE OF CONTENTS

*I.   PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*III. THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    *A.  Rule 8(a)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    *B.  Rule 14(a)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

    *C.  Limiting Instruction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

Before the court are the government's Objections (docket no. 47) to the Report and Recommendation (docket no. 44) granting Defendant's Motion to Sever Counts ("Motion") (docket no. 38).

### *I. PRIOR PROCEEDINGS*

On November 16, 2005, a grand jury handed down a two-count Superseding

Indictment against Defendant. Count 1 charges that, on or about July 23, 2005, Defendant knowingly and unlawfully attempted to manufacture fifty grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Count 2 charges that, on or about March 8, 2005, Defendant perjured himself while testifying under oath as a witness in *United States v. Breitbach*, No. CR 04-1015 (N.D. Iowa 2005), in violation of 18 U.S.C. § 1623. Defendant told the grand jury that he did not have "any kind of drug dealing" with Breitbach, did not help Breitbach manufacture methamphetamine, did not know that Breitbach manufactured methamphetamine, did not see Breitbach manufacture methamphetamine and did not know that Breitbach used drugs.

On January 31, 2006, Defendant filed the instant Motion. Defendant argues (1) the two charges against him are improperly joined under Federal Rule of Criminal Procedure 8(a) and (2) even if the two charges are properly joined, trying them at the same time would be prejudicial, and, therefore, the court should sever the offenses pursuant to Federal Rule of Criminal Procedure 14(a). On February 6, 2006, the government resisted Defendant's Motion.

On February 17, 2006, the magistrate judge recommended that the court grant Defendant's Motion. In his Report and Recommendation, the magistrate judge ruled that (1) the two offenses were improperly joined and (2) even if the offenses were properly joined, severance was necessary to ensure a fair trial.

On February 22, 2006, the government filed the instant Objection to the magistrate judge's Report and Recommendation. The government reasserts the arguments it raised in its resistance, namely: (1) the attempt to manufacture and perjury counts are properly joined and (2) Defendant will not suffer prejudice if the two offenses are tried together. On February 22, 2006, Defendant filed a response, in which he defends the magistrate judge's analysis.

## II. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1). Because government has made timely and specific objections in this case, the following *de novo* review is required.

## III. THE MERITS

The court must first decide whether the attempt to manufacture and perjury offenses are properly joined under Federal Rule of Criminal Procedure 8(a). If the offenses are properly joined, the court must decide whether it nonetheless should sever the offenses pursuant to Federal Rule of Criminal Procedure 14(a) to prevent prejudice to Defendant. The court considers each issue, in turn. *See, e.g., United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (recognizing the interplay between Rule 8(a) and Rule 14(a) and directing district courts to engage in the same two-step analysis), *cert. denied*, 126 S. Ct. 590 (2005). In doing so, the court is mindful of the Eighth Circuit Court of Appeals' admonition that "[t]he rules are to be liberally construed in favor of joinder." *Id.* (citing *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995)).

### A. Rule 8(a)

Federal Rule of Criminal Procedure 8(a) allows joinder of offenses if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Broad interpretation of [Federal Rule of Criminal Procedure] 8(a) is encouraged for the efficient administration of justice." *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005).

3

The government contends that the attempt to manufacture and perjury charges have a similar character and are connected with or constitute parts of a common scheme or plan.[1] Defendant argues—and the magistrate judge held—that the offenses were not properly joined because (1) they allegedly occurred on different dates and (2) the alleged perjury did not relate to the discrete incident of Defendant's alleged attempt to manufacture methamphetamine on the date alleged in Count 1. It is conceded that Breitbach was in custody on July 23, 2005, the date methamphetamine was allegedly manufactured in Count 1.

The court finds joinder is appropriate under Rule 8(a) because the two counts are of "similar character" or, at the very least, are "connected with . . . parts of a common scheme or plan." The perjury and attempt to manufacture counts are of "similar character" because they both concern Defendant's alleged attempts to manufacture methamphetamine. *See United States v. Sw. Bus Sales, Inc.*, 20 F.3d 1449, 1453 (8th Cir. 1994) (affirming the district court's decision not to sever anti-trust and mail fraud counts pursuant to Rule 8(a) because they both alleged that the defendant engaged in fraudulent conduct).

The Eighth Circuit Court of Appeals defines "similar" in Rule 8(a) as "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986). Although the perjury count is formally styled as a perjury count and not an attempt to manufacture count, on the facts of this case the two counts are "somewhat alike" or have "a general likeness" because the

---

[1] The magistrate judge noted that the government conceded that the two charges were not "based on the same act or transaction." The government did not object to this characterization of its argument; therefore, the court does not analyze whether the attempt to manufacture and perjury charges "are based on the same act or transaction."

government alleges in the perjury count that Defendant lied about whether he manufactured methamphetamine. *See Sw. Bus Sales*, 20 F.3d at 1453 (affirming the district court's decision to consider the alleged conduct underlying the offense rather than the mere title of the count). The underlying conduct at issue in both counts is the same—whether Defendant attempted to manufacture methamphetamine. The offenses are, therefore, "similar" for purposes of Rule 8(a). *See id.*

Even if the two counts are not "similar" for purposes of Rule 8(a), joinder is proper because the two counts are "connected with . . . parts of a common plan." The perjury count and the attempt to manufacture count are "connected with . . . parts of a common plan" because they both concern Defendant's alleged continuing efforts over a relatively short period of time to manufacture methamphetamine. *See, e.g., United States v. Shorter*, 54 F.3d 1248, 1258 (7th Cir. 1995) ("Perjury counts may be tried with other offenses . . . especially if the perjury relates to the conduct underlying the other charges."). At trial, the government expects the evidence to show that, before Breitbach's trial in March of 2005, Defendant and Breitbach were involved in the manufacture of methamphetamine at Defendant's house. The government will contend that Defendant perjured himself in order to further his conspiratorial activity with Breitbach. *See, e.g., United States v. Moeckly*, 769 F.2d 453, 464-65 (8th Cir. 1985) (holding severance not warranted because "perjury charges helped conceal [defendant's] participation in the conspiracy").

Defendant points out that Count 1 does not charge Defendant with attempting to manufacture methamphetamine *with Breitbach* or with a conspiracy to manufacture methamphetamine. Defendant contends there is an insufficient nexus between the two counts in the Superseding Indictment; while the perjury charge concerned Defendant's alleged attempts to manufacture methamphetamine with Breitbach, Count 1 clearly does not—indeed, Breitbach was incarcerated in July of 2005. Defendant, however, frames the

5

issue too narrowly. Defendant's alleged "common plan" was not to manufacture methamphetamine *with Breitbach*, but to manufacture methamphetamine.

Two factors—the length of time that elapsed between the counts and overlapping evidence—support joinder in this case. First, the Eighth Circuit Court of Appeals has recognized that the fact that the two offenses "occurred over a relatively short period of time" is a factor weighing in favor of joinder. *United States v. Running Horse*, 175 F.3d 635, 637 (8th Cir. 1999). Joinder is appropriate in this case because there was less than a five-month delay between the two offenses. *See United States v. Tyndall*, 263 F.3d 848, 849-50 (8th Cir. 2001) (holding one-year lapse of time was a relatively short period of time). Indeed, the Eighth Circuit has affirmed joinder in cases where the time lapse was much longer. *See, e.g., Lindsey*, 782 F.2d at 117 (holding seventeen-month period between two offenses was not fatal to joinder) (citing *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (holding twenty-month period was not fatal to joinder); *see also United States v. Valentine*, 984 F.2d at 906, 910 (8th Cir. 1993) (affirming joinder in spite of nine-month gap between offenses).

Second, joinder is appropriate in this case because the evidence on the two counts overlaps. *See Lindsey*, 782 F.2d at 117 (recognizing that joinder under Rule 8(a) is appropriate where "'the evidence as to each count overlaps'") (quoting *United States v. Shearer*, 606 F.2d 819, 820 (8th Cir. 1979)); *see also United States v. Long*, 900 F.2d 1270, 1273 n.1 (holding perjury and other counts were properly joined where there was "extensive overlap in the proof" of the counts); *Valentine*, 984 F.2d at 910 (holding that where evidence from each offense would be admissible in a separate trial for the other offenses, joinder is appropriate). Evidence that Defendant attempted to manufacture methamphetamine may be admissible to show Defendant's intent, motive, plan, knowledge or absence of mistake or accident in perjuring himself when he said he did not "deal

6

drugs" or manufacture methamphetamine with Breitbach. Fed. R. Evid. 404(b); *cf. United States v. Winn*, 948 F.2d 145, 161 (5th Cir. 1991) (finding no abuse of discretion in the district court's decision not to sever conspiracy and perjury counts because "the acts charged in the conspiracy were clearly probative of [the defendant's] attempt to commit perjury"); *United States v. Boone*, 759 F.2d 345, 348 (4th Cir. 1985) ("The evidence of their involvement in other crimes was clearly probative in explaining why the Boones committed perjury."). Likewise, evidence that Defendant perjured himself in order to further his efforts at methamphetamine manufacture may be admissible to show that Defendant knowingly attempted to manufacture methamphetamine less than five months later. *See* Fed. R. Evid. 404(b); *see also United States v. Adams*, 401 F.3d 886, 899 (8th Cir. 2005) (citing *United States v. O'Dell*, 204 F.3d 829, 833 (8th Cir. 2000) ("'[C]rimes or acts which are 'inextricably intertwined' with the charged crime are not extrinsic and Rule 404(b) does not apply.'")); *United States v. Rolett*, 151 F.3d 787, 790 (8th Cir. 1998) (noting that a crime or act is "inextricably intertwined" when it is "an integral part of the immediate context of the crime charged"). The fact that the evidence on the two counts overlaps in this case weighs in favor of joinder.

For all of the foregoing reasons, the court concludes the attempt to manufacture and perjury counts were properly joined. Fed. R. Crim. P. 8(a). Joinder pursuant to Rule 8(a) was not merely permissible in this case, but furthers the efficient administration of justice because it eliminates the need for two trials at which the same evidence will be presented. *See Little Dog*, 398 F.3d at 1037.

### *B. Rule 14(a)*

Federal Rule of Criminal Procedure 14(a) grants the court the discretion to sever properly joined offenses upon a showing that the defendant will suffer prejudice. "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . ., the

court may order separate trials of counts . . . ." Fed. R. Crim. P. 14(a). Rule 14(a) recognizes that while joinder and severance rules "are designed to promote economy and efficiency and to avoid a multiplicity of trials," joinder is only permissible if "these objectives can be achieved without substantial prejudice to the right of . . . defendants to a fair trial." *Zafiro v. United States*, 506 U.S. 534, 540 (citation omitted).

Defendant claims he will suffer prejudice if the counts are tried together because he intends to exercise his Fifth Amendment right against self-incrimination. Namely, if the jury were to hear evidence that he perjured himself, that evidence would be the only statements of his that the jury would hear. Defendant claims there is thus is a substantial likelihood that the jury would erroneously infer his guilt on Count 1 based on these statements. This danger of prejudice is allegedly exacerbated because Defendant is charged with lying in the same court where he will be tried.

The court concludes Defendant will not be prejudiced if the court tries the two counts in the Superseding Indictment at the same time. The court recognizes that, in certain cases, "[p]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately." *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996) (citing *Closs v. Leapley*, 18 F.3d 574, 578 (8th Cir. 1994)). In this case, however, Defendant will not suffer prejudice because, as explained above, evidence that Defendant committed perjury would be admissible at any separate trial on the attempt to manufacture methamphetamine charge. *See* Fed. R. Crim. P. 404(b). It is well settled that "a defendant does not suffer undue prejudice if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime." *Davis*, 103 F.3d at 676 (citing *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994)); *see also United States v. Rodgers*,

732 F.2d 625, 630 (8th Cir. 1984) (same).

The court does not believe that there is a heightened risk of prejudice due to the fact that Defendant's alleged perjury occurred in the same court. A lie under oath is a lie under oath, no matter where it occurs or to whom it is told. Defendant's claim of heightened prejudice is purely speculative.

Accordingly, the court shall deny Defendant's motion to sever pursuant to Rule 14(a). Joinder pursuant to Rule 8(a) furthers the efficient administration of justice and Defendant will not suffer any prejudice if the two counts are tried at the same time. *Id.*

## C. Limiting Instruction

In the event the court is wrong and the perjury and attempt to manufacture counts are misjoined, to forestall any prejudice arising from such misjoinder, the court shall instruct the jury that it must consider each offense against Defendant separately. *See, e.g., Sw. Bus Sales*, 20 F.3d at 1454 (approving of use of limiting instruction); *cf. Opper v. United States,* 348 U.S. 84, 95 (1954) (concluding that trial judge's "clear and repeated admonitions to the jury at appropriate times" that evidence was admissible only against one defendant forestalled any inference of prejudice that would warrant reversal for alleged misjoinder of defendants); *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998) (similar), *cert. denied*, 525 U.S. 1165 (1999). For example, Eighth Circuit Model Criminal Jury Instruction 3.06 (2005) ("Model Instruction") states, in part:

> Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

Model Instruction 3.06. Similarly, Model Instruction 3.08 states, in part:

> [K]eep in mind that you must consider, separately, each crime charged against each individual defendant, and must return a separate verdict for each of those crimes charged.

9

Model Instruction 3.08. These instructions are designed to help avoid prejudicial error resulting from misjoinder of offenses. *See, e.g.*, Committee Comments to Model Instruction 3.06. Defendant will not suffer prejudice because "'juries are presumed to follow their instructions.'" *Zafiro*, 506 U.S. at 540 (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

## IV. CONCLUSION

In light of the foregoing, **IT IS THEREFORE ORDERED THAT**:

(1) The government's Objections (docket no. 47) to the Report and Recommendation are **SUSTAINED**;

(2) The magistrate judge's Report and Recommendation (docket no. 44) is **SET ASIDE**;

(3) Defendant David Donald Turner's Motion to Sever Counts (docket no. 38) is **DENIED**; and

(4) The time between the filing of Defendant's Motion to Sever Counts and the date of this Order is hereby excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 27th day of February, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA